IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CERTUSBANK, N.A. as successor by assignment to ATLANTIC SOUTHERN BANK, <br><br> Plaintiff, <br><br> v. <br><br> DANIEL R. MILLER, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION NO. 5:14-CV-63(MTT) |

## ORDER

In 2010, the Defendant's company, DVM Properties, LLC, executed and delivered to Atlantic Southern Bank two promissory notes in the amount of more than $1.1 million. (Doc. 1, ¶¶ 7, 12). The Defendant personally guaranteed repayment of those loans through the execution of two guaranties. (Doc. 1, ¶¶ 9-11, 14-16). However, DVM later defaulted on the loans by failing to make the payments when they were due. (Doc. 1, ¶¶ 19-20). The loans remained unpaid after the Plaintiff[1] sent demand letters to DVM and the Defendant. (Doc. 1, ¶¶ 21-24).

The Plaintiff sued the Defendant for breach of the guaranties, unjust enrichment, and attorney's fees. (Doc. 1 at 4-6). In a "counterclaim," the Defendant alleges the Plaintiff has already "foreclosed upon… properties that are secured by the documents upon which [the] Plaintiff's [c]omplaint is based." (Doc. 7 at 9). Consequently, the Defendant contends the amount for which the Plaintiff filed suit should be set off by the

---

[1] The Plaintiff is the current holder of the loan documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation as Receiver for Atlantic Southern Bank. (Doc. 1, ¶ 17).

amount the Plaintiff has received or will receive as a result of foreclosing on the secured properties.  (Doc. 7 at 9).  A set off "allows the defendant to set off a debt owed him by the plaintiff against the claim of the plaintiff."  O.C.G.A. § 13-7-1.

The Plaintiff has moved for judgment on the pleadings as to the Defendant's counterclaim because a set off arises "out of a transaction *extrinsic or independent of* the plaintiff's cause of action."  (Doc. 13-1 at 3); *Automated Print, Inc. v. Edgar*, 288 Ga. App. 326, 330, 654 S.E.2d 413, 416 (2007) (emphasis added).  The Plaintiff argues the Defendant's counterclaim concerns the same documents as the Plaintiff's complaint and therefore does not arise from an extrinsic or independent transaction.  (Doc. 13-1 at 3-4).  In response, the Defendant asserts that the foreclosure sale of properties securing the promissory notes is independent from the Plaintiff's suit on the guaranties.  (Doc. 14 at 2).  But the Defendant further states that if the foreclosure is not extrinsic or independent, he should be permitted to amend his answer to include an affirmative defense of recoupment.[2]  (Doc. 14 at 3).  The Plaintiff did not bother to reply.

The Court agrees that the Defendant seeks a set off based on the same transaction that is the basis for the Plaintiff's complaint.  As the Defendant himself states, foreclosure occurred on "properties that are secured by the documents upon which [the] Plaintiff's [c]omplaint is based."  (Doc. 7 at 9).  The security deeds, promissory notes, and guaranties all formed one transaction that enabled Atlantic Southern Bank's loans to DVM.  Through foreclosure, the Plaintiff exercised one remedy available to it upon DVM's default on these loans, and now it seeks additional

---

[2] Recoupment "is a right of the defendant to have a deduction from the amount of the plaintiff's damages [because] the plaintiff has not complied with the cross-obligations or independent covenants arising under *the contract upon which suit is brought*."  O.C.G.A. § 13-7-2 (emphasis added).

relief for default under the same loan documents.  Thus, the Court cannot say the Defendant's counterclaim for set off arises "out of a transaction extrinsic or independent of the plaintiff's cause of action."

However, it is clear that the Defendant's position, regardless of the name put on it, is that the Plaintiff can have but one recovery of the alleged debt.  Thus, the Court construes the Defendant's response as a motion to amend his answer under Fed. R. Civ. P. 15(a)(2).  This motion is **GRANTED**.  The Defendant shall file an amendment to his answer setting forth his one-paragraph recoupment defense within **fourteen days** of the entry of this Order.[3]  The Court deems that the Plaintiff denies this defense and thus an answer to the amendment is unnecessary.

**SO ORDERED,** this 25th day of June, 2014.

                                                S/ Marc T. Treadwell
                                                MARC T. TREADWELL, JUDGE
                                                UNITED STATES DISTRICT COURT

---

[3] "Under Georgia law, both setoff and recoupment are considered counterclaims." *Baxter v. Fairfield Fin. Servs., Inc.*, 307 Ga. App. 286, 295, 704 S.E.2d 423, 430 (2010).  To the extent recoupment is a counterclaim rather than a defense, the amendment is deemed a counterclaim.