IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CERTUSBANK, N.A. as successor by assignment to ATLANTIC SOUTHERN BANK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DANIEL R. MILLER,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) 　CIVIL ACTION NO. 5:14-CV-63(MTT) |

## ORDER

Before the Court is Plaintiff CertusBank, N.A.'s motion for summary judgment. (Doc. 20). For the following reasons, the motion is **GRANTED**.

### I.　　BACKGROUND

On April 25, 2010, DVM Properties, LLC ("DVM") executed a promissory note in favor of Atlantic Southern Bank in the amount of $1,057,529.23 ("Note 1"). (Doc. 1-1). On the same date, Defendant Daniel R. Miller executed a guaranty whereby he unconditionally guaranteed "the payment and performance of each and every Debt, of every type, purpose and description that [DVM] … may now or at any time in the future owe [Atlantic Southern]." (Doc. 1-2 at 2). On April 25, 2010, DVM also executed a promissory note in favor of Atlantic Southern in the amount of $100,000.00 ("Note 2"). (Doc. 1-3). Again, on the same date, Miller executed a guaranty whereby he unconditionally guaranteed "the payment and performance of each and every Debt, of every type, purpose and description that [DVM] … may now or at any time in the future owe [Atlantic Southern]." (Doc. 1-4 at 2). DVM defaulted on Notes 1 and 2 by failing to

make payments when due.  (Doc. 20-1 at ¶ 22).  Notes 1 and 2 matured on May 5, 2011.  (Docs. 20-1 at ¶ 21; 1-1).  On April 11, 2012, the Plaintiff sent a notice of non-payment and demand for payment under Notes 1 and 2 to DVM and Miller.  (Docs. 1-5; 20-1 at ¶ 24).

On May 1, 2012, the Plaintiff conducted four separate foreclosure sales (the "Foreclosure Sales") on certain real property ("Property") used to secure Notes 1 and 2.  (Doc. 20-1 at ¶¶ 27-28).  The Plaintiff's power of sale with respect to the Property was contained in four security deeds that secured DVM's indebtedness under Notes 1 and 2.  (Docs. 20-1 at ¶¶ 27-28; 20-4; 20-5; 20-6; 20-7).  The Foreclosure Sales brought $728,700.00 in total aggregate sale proceeds.  (Doc. 20-1 at ¶ 29).  The Plaintiff filed a petition for confirmation of sale in the Superior Court of Bibb County.  (Docs. 20-1 at ¶ 30; 25-4 at 1; 25-2).  The Superior Court denied the Plaintiff's petition after finding that the "fair market value" of the Property was $846,180.50.  (Docs. 28-2 at 9; 31 at 3).

The Plaintiff is the holder of Notes 1 and 2 and the related loan documents by virtue of purchase and assignment from the Federal Deposit Insurance Corporation ("FDIC") as receiver for Atlantic Southern.  (Doc. 20-1 at ¶ 17).  The Plaintiff seeks to recover the amount outstanding under Notes 1 and 2.  Additionally, the Plaintiff seeks attorneys' fees.

## II.     DISCUSSION

### A.     Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A factual dispute is genuine only if 'a reasonable

jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).  The burden rests with the moving party to prove that no genuine issue of material fact exists.  *Id.*  The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

"If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment."  *Anthony v. Anthony*, 642 F. Supp. 2d 1366, 1371 (S.D. Fla. 2009) (citing *Four Parcels of Real Prop.*, 941 F.2d at 1438).  The moving party must carry its burden by presenting "credible evidence" affirmatively showing that, "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party."  *Four Parcels of Real Prop.*, 941 F.2d at 1438.  In other words, the moving party's evidence must be so credible that, if not controverted at trial, the party would be entitled to a directed verdict.  *Id.*

"If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'"  *Id.* (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991)) (alteration in original).  However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not

those of a judge. ... The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, the Court "'can only grant summary judgment if everything in the record demonstrates that no genuine issue of material fact exists.'" *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012) (quoting *Tippens v. Celotex Corp.*, 805 F.2d 940, 952 (11th Cir. 1986)).

### B.    Defendant's Liability on Notes and Guaranties

Under Georgia law, "[w]here … the record shows that the promissory notes and guarantees were duly executed by the debtors and that they are in default, a prima facie right to judgment as a matter of law [is] established, and the burden shift[s] to [the defendant] to produce or point to evidence in the record which establishe[s] an affirmative defense." *Secured Realty Inv. v. Bank of N. Ga.*, 314 Ga. App. 628, 629, 725 S.E.2d 336, 338 (2012); *see also Collins v. Regions Bank*, 282 Ga. App. 725, 726, 639 S.E.2d 626, 627 (2006). The Plaintiff has produced the notes and guaranties, as well as the affidavit of Ray Persenaire, Vice President and commercial asset manager for the Plaintiff, to show the Defendant and DVM are in default. (Docs. 1-1; 1-2; 1-3; 1-4; 20-1). The Defendant does not contest that he and DVM executed the notes and guaranties and are in default. Instead, the Defendant argues: (1) the Plaintiff failed to apply the "fair market value" of $846,180.50 to his indebtedness; (2) the Plaintiff has incorrectly calculated the amount of interest and statutory attorneys' fees owed because of this failure; and (3) the Plaintiff has improperly added additional charges on Notes 1 and 2.

The Defendant first argues the covenant of good faith and fair dealing requires the Plaintiff to credit the Defendant's indebtedness with the Superior Court's determination of the fair market value of the Property, rather than the amount the Plaintiff actually received at the Foreclosure Sales. The Plaintiff responds that the Defendant explicitly agreed to remain unconditionally liable for DVM's indebtedness under the notes, the Plaintiff acted in good faith and in a manner consistent with the express terms of the loan documents and the Defendant's guaranties, and the Defendant waived all defenses concerning application of true market value of the foreclosed collateral.

"Every contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement. … [B]ut the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability." *Griffin v. State Bank of Cochran*, 312 Ga. App. 87, 96, 718 S.E.2d 35, 43 (2011) (quoting *Myung Sung Presbyterian Church v. N. Am. Ass'n of Slavic Churches, etc.*, 291 Ga. App. 808, 810, 662 S.E.2d 745, 748 (2008)); *see also Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990). "This implied duty 'requires both parties to a contract to perform their promises and provide such cooperation as is required for the other party's performance.'" *Camp v. Peetluk*, 262 Ga. App. 345, 350, 585 S.E.2d 704, 708 (2003) (citation omitted). Moreover, "[t]here can be no breach of an implied covenant of good faith where a party to a contract has done what the provisions of the contract expressly give him the right to do." *Griffin*, 312 Ga. App. at 96-97, 718 S.E.2d at 43 (citation omitted).

The Defendant's argument fails for several reasons.  First, the Defendant does not point to an express or implied provision that the Plaintiff allegedly breached.  *See WirelessMD, Inc. v. Healthcare.com Corp.*, 271 Ga. App. 461, 469, 610 S.E.2d 352, 358 (2005).  Instead, the Defendant argues "there is nothing in the guaranties executed by Defendant that would limit the reduction of debt to the price for which the collateral was sold at a foreclosure sale." (Doc. 28-1 at 4).  It is not clear if the Defendant is arguing that the absence of an express provision in the guaranties warrants the introduction of an implied provision.  "An implied term in an agreement exists where it is reasonable and necessary to effect the full purpose of the contract and is so clearly within the contemplation of the parties that they deemed it unnecessary to state." *Myung Sung Presbyterian Church*, 291 Ga. App. at 811, 662 S.E.2d at 748.  A term will be implied only when it "is not inconsistent with some express term of the contract and where there arises from the language of the contract itself, and the circumstances under which it was entered into, an inference that it is absolutely necessary to introduce the term to effectuate the intention of the parties."  *Id.* (citation omitted).

The Defendant agreed to be "unconditionally liable" under the guaranties, "regardless of whether or not [the Plaintiff] pursue[d] any of [its] remedies against [DVM], against any other maker, surety, guarantor or endorser of the Debt or against any Property."  (Doc. 1-2 at 2).  The Defendant also agreed to "remain obligated to pay on this Guaranty even if any other person who is obligated to pay the Debt, including [DVM], has such obligation discharged in bankruptcy, foreclosure, or otherwise discharged by law."  (Doc. 1-2 at 2).  DVM's obligation was discharged pursuant to O.C.G.A. § 44-14-161 because the Plaintiff failed to obtain judicial confirmation of its

Foreclosure Sales.  *See HWA Props., Inc. v. Cmty. & S. Bank*, 322 Ga. App. 877, 885, 746 S.E.2d 609, 616 (2013).  An implied term conditioning the Defendant's liability upon a finding made in those confirmation proceedings would be inconsistent with the Defendant's agreement to remain "unconditionally liable."  Moreover, such a term is not "absolutely necessary" to "effectuate the intention of the parties."  *Myung Sung Presbyterian Church*, 291 Ga. App. at 811, 662 S.E.2d at 748.

Because the Defendant has failed to identify an express or implied provision the covenant of good faith and fair dealing modifies, the Defendant "cannot show a failure to act in good faith in 'the performance of the terms of the agreement.'"  *WirelessMD, Inc.*, 271 Ga. App. at 469, 610 S.E.2d at 358 (citation omitted); *see also Stuart Enters. Int'l, Inc. v. Peykan, Inc.*, 252 Ga. App. 231, 233-34, 555 S.E.2d 881, 884 (2001).  Similarly, the Defendant's claim fails because the Plaintiff has done what the provisions of the contract expressly gave it the right to do.  *See Martin v. Hamilton State Bank*, 314 Ga. App. 334, 335-36, 723 S.E.2d 726, 728 (2012).  Regardless of whether the Plaintiff pursued any of its remedies against the Property or whether DVM's obligations were discharged in foreclosure, the Defendant agreed to remain "obligated to pay" and "unconditionally liable."  (Doc. 1-2 at 2).

Finally, the Defendant waived any defense to his liability on the entire balance due on the notes.  Georgia courts "are required to construe agreements in a manner that respects the parties' sacrosanct freedom of contract."  *Cmty. & S. Bank v. DCB Invs., LLC*, 328 Ga. App. 605, 610, 760 S.E.2d 210, 214 (2014) (internal quotation marks omitted).  "Consequently, a guarantor may consent in advance to a course of conduct which would otherwise result in his discharge, and this includes the waiver of

defenses otherwise available to a guarantor." *Id.* (internal quotation marks omitted). In the guaranties, the Defendant agreed to "consent to certain actions [the Plaintiff] make take, and generally waive defenses that may be available based on these actions or based on the status of a party to the Debt or this Guaranty." (Doc. 1-2 at 3). More specifically, the Defendant agreed that "[the Plaintiff] may release, substitute or impair any Property"; agreed "to consent to any waiver granted [DVM][;] and agree[d] that any delay or lack of diligence in the enforcement of the Debt, or any failure to file a claim or otherwise protect any of the Debt, in no way effects or impairs [his] liability." (Doc. 1-2 at 3). The Defendant also agreed

> to waive reliance on any anti-deficiency statutes, through subrogation or otherwise, and such statutes in no way affect or impair my liability. In addition, until the obligations of [DVM] to Lender have been paid in full, I waive any right of subrogation, contribution, reimbursement, indemnification, exoneration, and any other right I may have to enforce any remedy which you now have or in the future may have against [DVM] or another guarantor or as to any Property.

(Doc. 1-2 at 3). The Georgia Court of Appeals has upheld similar waivers. *See Cmty. & S. Bank*, 328 Ga. App. at 609-13, 760 S.E.2d at 214-17; *HWA Props., Inc.*, 322 Ga. App. at 885-88, 746 S.E.2d at 615-617.[1] Therefore, the Plaintiff is entitled to collect the deficiency following the application of the actual proceeds from the Foreclosure Sales to the outstanding principal.[2]

---

[1] The Defendant also argues that such a waiver should be unenforceable as a matter of public policy. (Doc. 28-1 at 2). The Georgia Court of Appeals recently rejected a similar argument in *REL Dev., Inc. v. Branch Banking & Trust Co.*, 305 Ga. App. 429, 432, 699 S.E.2d 779, 781-82 (2010) (citing *Brown v. Rooks*, 240 Ga. 674, 674-75, 242 S.E.2d 913 (1996)). Moreover, the waiver is not "contrary to good morals and contrary to law," and the contract "was not entered into for an illegal or immoral purpose." *Cleveland Motor Cars, Inc. v. Bank of Am., N.A.*, 295 Ga. App. 100, 102-03, 670 S.E.2d 892, 894 (2008) (citation omitted).

[2] In support of its argument, the Defendant has cited to a decision by the Superior Court of Whitfield County, Georgia, *Stearns Bank, N.A. v. Doyle*, No. 13-CI-01402, 2014 WL 5461292 (Ga. Super. Ct.). There, the Superior Court denied a lender's motion for summary judgment on

The Defendant also argues that the Plaintiff improperly added appraisal and environmental expenses to the debts owed under Notes 1 and 2.  The Plaintiff responds that "[t]he Security Deeds expressly required … that DVM reimburse the lender for, 'any amount incurred by Lender for insuring, inspecting, preserving or otherwise protecting the Property and Lender's security interest.'"  (Docs. 31 at 7; 20-4 at 5; 20-5 at 5; 20-6 at 5; 20-7 at 5).  The Plaintiff argues the security deeds further provide that DVM "agrees to pay all costs and expenses incurred by Lender in collecting, enforcing or protecting Lender's rights and remedies under this Security Instrument."  (Docs. 31 at 7; 20-4 at 5; 20-5 at 5; 20-6 at 5; 20-7 at 5).  The Plaintiff has offered the affidavit of Ray Persenaire as evidence that the amount due under Notes 1 and 2 includes these expenses.  (Doc. 20-1 at ¶¶ 31-32).  Finally, the Plaintiff argues the Defendant "guaranteed all indebtedness of DVM under the Loan Documents, including amounts DVM owed under the Security Deeds."  (Doc. 31 at 7).

The Defendant's only argument regarding these expenses is that the Plaintiff has included them "as part of Defendant's debt without providing any explanation or citing any provision in the guaranty which would enable them to add these charges to Defendant's debt."  (Doc. 28-1 at 4).  However, the Plaintiff has cited to the provisions of the security deeds, the guaranties, and the affidavit of Ray Persenaire in making out its prima facie showing of the Defendant's indebtedness under Notes 1 and 2.  The Defendant has failed "to produce or point to evidence in the record which establishe[s]

---

the amount of damages owed under a guaranty because the lender's petition for confirmation of its foreclosure sale was denied on the grounds that the property securing the loan was sold for less than fair market value.  The Superior Court held that, *absent language in the guaranty to the contrary,* a lender's duty of good faith and fair dealing requires it to credit the guarantor with the fair market value of the property.  Thus, the Superior Court's decision is inapposite because the Defendant expressly agreed to remain "unconditionally liable" and to waive any defenses he might have.

an affirmative defense." *Secured Realty Inv.*, 314 Ga. App. at 629, 725 S.E.2d at 338; see also *Caves v. Columbus Bank & Trust Co.*, 264 Ga. App. 107, 111, 589 S.E.2d 670, 673 (2003). Therefore, the Plaintiff is entitled to summary judgment on the Defendant's liability for the amounts due under Notes 1 and 2.

### C.    Damages and Attorneys' Fees

The Plaintiff is also entitled to summary judgment on the amount of damages and attorneys' fees. The Plaintiff has presented evidence of the amounts due under both notes. The Defendant argues the Plaintiff improperly calculated the amount of interest and attorneys' fees because the Plaintiff failed to credit the Defendant's principal with the Superior Court's determination of the "fair market value" of the Property. However, as discussed above, the Plaintiff was not required to credit the Defendant's principal with this amount. Therefore, the Plaintiff properly calculated the outstanding principal deficiencies and statutory attorneys' fees.

As of November 12, 2014, the total amount due under Note 1 was $309,476.28, which includes $200,284.83 in principal, $95,863.95 in accrued interest, and $13,327.50 in charges. (Doc. 20-1 at ¶ 31). Interest continues to accrue at $34.83 per day. *Id.* As of the same date, the total amount due under Note 2 was $136,187.51, which includes $100,000.00 in principal, $22,885.61 in accrued interest, and $13,301.90 in charges. (Doc. 20-1 at ¶ 32). Interest continues to accrue at $17.39 per day. *Id.* Therefore, as of the date of this Order, the Defendant owes $315,536.70 under Note 1 and $139,213.37 under Note 2.

The Defendant is also liable for attorneys' fees. Section 11 of the guaranties provides that the Plaintiff may recover "reasonable attorneys' fees" in enforcing the

guaranties and related loan documents. (Docs. 1-2 at 4; 1-4 at 4). O.C.G.A. § 13-1-11(a) deems "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness" enforceable as long as:

> (1) the [guaranty]'s terms include an obligation to pay attorney fees; (2) the debt owed under the note has matured; (3) notice was given to the debtor informing him that if he pays the debt within ten days of the notice's receipt, he may avoid attorney fees; (4) the ten day period has expired without payment of the principal and interest in full; and (5) the debt is collected by or through an attorney.

*TermNet Merch. Servs., Inc. v. Phillips*, 277 Ga. 342, 344, 588 S.E.2d 745, 747 (2003) (citing O.C.G.A. § 13-1-11(a)). All five prerequisites have been met in this case. The guaranties provide for the collection of reasonable attorneys' fees, the debt has matured, the Plaintiff gave the appropriate notice to the Defendant via the demand letters, the Defendant did not pay the debt within ten days, and the debt is being collected by an attorney.

If the guaranty provides for "reasonable attorney's fees" but does not specify a percentage, "such provision shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00." O.C.G.A. § 13-1-11(a)(2). Thus, the Defendant is liable for $42,862.07 in attorneys' fees, which includes $30,245.92 in attorneys' fees under Note 1[3] and $12,616.15 in attorneys' fees under Note 2.[4]

---

[3] (($200,284.83 principal + $101,924.37 interest - $500) x 0.10) + $75 = $30,245.92

[4] (($100,000.00 principal + $25,911.47 interest - $500) x 0.10) + $75 = $12,616.15

### III. CONCLUSION

The Plaintiff's motion for summary judgment is **GRANTED**. The Defendant is liable for $497,612.14, which is the amount due under Notes 1 and 2, plus the attorneys' fees due under Notes 1 and 2.

**SO ORDERED**, this 5th day of May, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT
